# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:  RAY J TOBIAS  
         ESTHER TOBIAS

CASE NO

CHAPTER  **13**

## SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**  
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. Sec. 507(a)(2).

☐ **Wages, salaries, and commissions**  
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4,650* per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided by 11 U.S.C. Sec. 507(a)(3).

☐ **Contributions to employee benefit plans**  
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Sec. 507(a)(4).

☐ **Certain farmers and fishermen**  
Claims of certain farmers and fishermen, up to a maximum of $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Sec. 507(a)(5).

☐ **Deposits by individuals**  
Claims of individuals up to a maximum of $2,100* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. Sec. 507(a)(6).

☐ **Alimony, Maintenance, or Support**  
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Sec. 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**  
Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Sec. 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**  
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. Sec. 507(a)(9).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**  
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C Secs. 326, 328, 329 and 330.

\* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.  The amounts shown above were effective beginning April 1, 2001.

_____No_____ continuation sheets attached

IN RE: **RAY J TOBIAS** _____
　　　　　　　　　　Debtor

**ESTHER TOBIAS** _____
　　　　　　　　　Joint Debtor

CASE NO _____ (If Known)

CHAPTER **13**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**AMERICAN EXPRESS**<br>P.O. Box 297804<br>Ft. Lauderdale, FL 33329 | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $1,443.00 |
| ACCT #:<br>**BANK ONE**<br>P.O. Box 15153<br>Wilmington, DE 19886-5153 | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $352.00 |
| ACCT #:<br>**CAPITAL ONE/K-MART**<br>P.O. Box 85015<br>Richmond, VA 23285-5015 | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $5,429.00 |
| ACCT #:<br>**CROSS COUNTRY BANK**<br>P.O. Box 310711<br>Boca Raton, FL 33431-0711 | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $2,000.00 |
| ACCT #:<br>**DIRECT MERCHANTS BANK**<br>P.O. Box 21550<br>Tulsa, OK 74121-1550 | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $10,786.00 |
| ACCT #:<br>**Great American Finance Co./Harlem Furn.**<br>205 W. Wacker Dr.<br>Chicago, IL 60606 | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $3,000.00 |
| ACCT #:<br>**M.R.S. Associates**<br>3 Executive Campus, Suite 400<br>Cherry Hill, NJ 08002 | J | DATE INCURRED:<br>CONSIDERATION:<br>Notice Only for CAPITAL ONE/K-MART<br>REMARKS: | | | | Notice Only |

____1____ continuation sheets attached

Total for this Page (Subtotal) > **$23,010.00**

Running Total > **$23,010.00**

IN RE: **RAY J TOBIAS** _____  CASE NO _____ (If Known)
Debtor
**ESTHER TOBIAS** _____  CHAPTER **13**
Joint Debtor

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)
*Continuation Sheet No. 1*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>MARSHALL FIELDS/RETAILERS NATIONAL B<br>P.O. Box 59231<br>Minneapolis, MN 55459-0231 | | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $450.00 |
| ACCT #:<br>PFG OF MINNESOTA<br>7825 Washington Ave. S., Ste. 410<br>Minneapolis, MN 55439-2409 | | J | DATE INCURRED:<br>CONSIDERATION:<br>Notice Only for PROVIDIAN<br>REMARKS: | | | | Notice Only |
| ACCT #:<br>PROVIDIAN<br>P.O. Box 9016<br>Pleasanton, CA 94566-9016 | | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $10,706.00 |
| ACCT #:<br>Recovery Services<br>4640 W. 77th St.<br>Edina, MN 55435 | | J | DATE INCURRED:<br>CONSIDERATION:<br>Notice Only<br>REMARKS:<br>Collecting for Cross Country | | | | Notice Only |
| ACCT #:<br>SHELL<br>Processing Center<br>Des Moines, IA 50367-0400 | | J | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $200.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | Total for this Page (Subtotal) > | | | $11,356.00 |
| | | | | Running Total > | | | $34,366.00 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE:  **RAY J TOBIAS**
        **ESTHER TOBIAS**

CASE NO

CHAPTER  **13**

## SCHEDULE G (EXECUTORY CONTRACTS AND UNEXPIRED LEASES)

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|   |   |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **RAY J TOBIAS**　　　　　　　　　　　　　　CASE NO
　　　　**ESTHER TOBIAS**
　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER  **13**

## SCHEDULE H (CODEBTORS)

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**COLE-PARMER INSTRUMENT COMPANY**
625 E. BUNKER COURT
VERNON HILLS, IL 60061

| | |
|---|---|
| CHECK NO: | A086460 |
| CHECK DATE: | 03/12/04 |
| PERIOD ENDING: | 03/13/04 |
| PAY FREQUENCY: | BIWEEKLY |
| PAY PERIOD: | 02/29/04-03/13/04 |

RAY J TOBIAS
145 HOLIDAY LANE
GAINSVILLE, IL 60073

ID NUMBER: 0001611002
BASE RATE: 14.0700
SSN: 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

STATUS EXEMPT
FED: MARRIED 01
ST1: 01
ST2:

TAX ADJUSTMENTS
FED: 8T
D1/UC:
LOCAL:

STATE AND LOCAL CODES
PRI: IL LOC1: LOC3:
SEC: LOC2: LOC4:
LOC5:

### IMPORTANT MESSAGE
NON EXEMPT EMPLOYEES ARE PAID 1 WEEK IN ARREARS

### HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS/UNITS | EARNINGS | Y-T-D HOURS/UNITS | EARNINGS |
|---|---|---|---|---|
| REGULAR | 80.00 | 1125.60 | | |
| TOTAL H/E | 80.00 | 1125.60 | | |

**PRE-TAX ITEMS**
| | |
|---|---|
| DENTAL-SEC125 | 8.00- |
| MEDICAL INS | 109.38- |
| VISION PLAN | 6.92- |

### TAXES AND DEDUCTIONS

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| SO SEC TAX | 62.20 | 380.94 |
| MEDICARE TAX | 14.55 | 89.09 |
| FED INC TAX | 58.96 | 372.41 |
| PRI-STATE TAX | 27.79 | 170.47 |
| TOTAL TAXES | 163.50 | 1012.91 |

**AFTER-TAX DEDUCTIONS**
| | |
|---|---|
| LIFESTYLE CR | 11.55- |

### SPECIAL INFORMATION

YTD 401K
YTD CO MATCH

| EMPLOYEE NAME | SOC. SEC. NO. | EMPLOYEE # | DEPARTMENT | PAYROLL PERIOD | CK NUMBER | CK DATE |
|---|---|---|---|---|---|---|
| Esther Tobias | 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 | 46 | 10 | 2/28 -- 3/12/2004 | 17202 | 3/18/2004 |

| EARNINGS | HOURS | RATE | CURRENT | YEAR TO DATE | DEDUCTIONS | CURRENT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| COMMISIONS | | | 13.02 | 88.91 | FED W/H | 76.98 | 391.18 |
| LOC #2 | 64.00 | | 590.50 | 3397.74 | FICA TAX | 56.27 | 301.55 |
| HOLIDAY | | | | 70.00 | SWH | 21.17 | 112.85 |
| TIPS | | | 132.00 | 385.00 | TIPS | 132.00 | 385.00 |
| EMPL TRA | | | 30.00 | 180.00- | | | |
| TOTAL | | | 705.52 | 3761.65 | *NET PAY* | 419.10 | 2571.07 |

**To:** RAY TOBIAS  **Vendor ID:** 1350609  **Date:** 03/17/2004  **Check Number:** 000412647
**Class ID:** D300

| Date | Invoice Number | Description | Amount | Discount | Paid Amount |
|---|---|---|---|---|---|
| 03/16/2004 | CAR CHK 20040316 | CAR CHK 20040316 | $481.10 | $.00 | $481.10 |

**To:** RAY TOBIAS  **Vendor ID:** 1350609  **Date:** 03/17/2004  **Check Number:** 000412647
**Class ID:** D300

| Date | Invoice Number | Description | Amount | Discount | Paid Amount |
|---|---|---|---|---|---|
| | | | $481.10 | | $481.10 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE: **RAY J TOBIAS**
**ESTHER TOBIAS**

CASE NO

CHAPTER **13**

## SCHEDULE I (CURRENT INCOME OF INDIVIDUAL DEBTOR(S))

| Debtor's Marital Status | Dependents of Debtor and Spouse (Names, Ages and Relationships) | | | | |
|---|---|---|---|---|---|
| | Name | Age | Relationship | Name | Age Relationship |
| **Married** | | 5 yrs. | child | | |
| | | 10 yrs | child | | |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Distribution | Hairdresser |
| Name of Employer | Cole-Parmer Dist. Co. | Fantastic Sams |
| How Long Employed | 7 yrs. | 2 yrs. |
| Address of Employer | 625 E. Bunker Ct. | 708 E. Rollins Rd. |
| | Vernon Hills, IL 60061 | Round Lake Beach, IL 60073 |

| | DEBTOR | SPOUSE |
|---|---|---|
| **Income:** (Estimate of average monthly income) | | |
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $2,438.80 | $1,528.63 |
| Estimated monthly overtime | $0.00 | $0.00 |
| **SUBTOTAL** | **$2,438.80** | **$1,528.63** |
| LESS PAYROLL DEDUCTIONS | | |
|    A. Payroll taxes (includes social security tax if B. is zero) | $194.98 | $212.66 |
|    B. Social Security Tax | $166.29 | $121.92 |
|    C. Insurance | $239.96 | $0.00 |
|    D. Union dues | $0.00 | $0.00 |
|    E. Retirement | $0.00 | $0.00 |
|    F. Other (specify) Insurance includes $11.55 crec   / tips | $0.00 | $286.00 |
|    G. Other (specify) | $0.00 | $0.00 |
| *SUBTOTAL OF PAYROLL DEDUCTIONS* | **$601.23** | **$620.58** |
| **TOTAL NET MONTHLY TAKE HOME PAY** | **$1,837.57** | **$908.05** |
| Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | $0.00 |
| Income from real property | $0.00 | $0.00 |
| Interest and dividends | $0.00 | $0.00 |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of the dependents listed above | $0.00 | $0.00 |
| Social Security or other government assistance (specify) | $0.00 | $0.00 |
| Pension or retirement income | $0.00 | $0.00 |
| Other monthly income (specify below) | | |
|    1. part-time job | $1,185.00 | $0.00 |
|    2. | $0.00 | $0.00 |
|    3. | $0.00 | $0.00 |
| **TOTAL MONTHLY INCOME** | **$3,022.57** | **$908.05** |

**TOTAL COMBINED MONTHLY INCOME $3,930.62**     (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE:   RAY J TOBIAS                                            CASE NO
         ESTHER TOBIAS
                                                                 CHAPTER   13

## SCHEDULE J (CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S))

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| Rent or home mortgage payment (include lot rental for mobile home) .................................................... <br> Are real estate taxes included?   ☑ Yes   ☐ No <br> Is property insurance included?   ☑ Yes   ☐ No | |
| **Utilities:**  Electricity and heating fuel ................................................................................................... <br>             Water and sewer ........................................................................................................... <br>             Telephone ..................................................................................................................... <br>             Other: Condo Assoc. ................................................................................................... | $130.00 <br> <br> $50.00 <br> $142.00 |
| Home maintenance (repairs and upkeep) .......................................................................................... <br> Food ..................................................................................................................................................... <br> Clothing ................................................................................................................................................ <br> Laundry and dry cleaning .................................................................................................................... <br> Medical and dental expenses (not covered by insurance) ................................................................. <br> Transportation (not including car payments) ..................................................................................... <br> Recreation, clubs and entertainment, newspapers, magazines, etc. ............................................... <br> Charitable contributions ...................................................................................................................... | $100.00 <br> $530.00 <br> $80.00 <br> $10.00 <br> $0.00 <br> $370.00 <br> $10.00 <br> |
| **Insurance** (not deducted from wages or included in home mortgage payments) <br>             Homeowner's or renter's ............................................................................................. <br>             Life ................................................................................................................................. <br>             Health ............................................................................................................................ <br>             Auto ................................................................................................................................ <br>             Other: ............................................................................................................................. | <br> <br> <br> <br> $214.00 <br> |
| Taxes (not deducted from wages or included in home mortgage payments) <br> Specify: | |
| **Installment payments:** (In Chapter 12 and 13 cases, do not list payments included in the plan) <br>             Auto ................................................................................................................................ <br>             Other: ............................................................................................................................. <br>             Other: ............................................................................................................................. <br>             Other: ............................................................................................................................. | |
| Alimony, maintenance, and support paid to others ........................................................................... <br> Payments for support of additional dependents not living at debtor's home ................................... <br> Regular expenses from operation of business, profession, or farm (attach detailed statement) ..... <br> Other:   See attached personal expenses ........................................................................................ <br> Other: ................................................................................................................................................... | <br> <br> <br> $140.00 <br> |
| **TOTAL MONTHLY EXPENSES**  (Report also on Summary of Schedules) | **$1,776.00** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income ................................................................................................... | $3,930.62 |
| B. Total projected monthly expenses (including separate spouse budget if applicable) | $1,776.00 |
| C. Excess income (A minus B) ......................................................................................................... | $2,154.62 |
| D. Total amount to be paid into plan each         *Monthly*         (interval) | $2,154.62 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE: **RAY J TOBIAS**  CASE NO
**ESTHER TOBIAS**

CHAPTER  **13**

## EXHIBIT TO SCHEDULE J

### Itemized Personal Expenses

| Expense | Amount |
|---|---|
| child care | $100.00 |
| postage, gifts, bank charges etc... | $30.00 |
| misc. school costs | $10.00 |
| Total > | $140.00 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE:  RAY J TOBIAS                                                  CASE NO
        ESTHER TOBIAS

                                                                      CHAPTER   13

## SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $180,000.00 | | |
| B - Personal Property | Yes | 4 | $32,575.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $208,300.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $34,366.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $3,930.62 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $1,776.00 |
| Total Number of Sheets of ALL Schedules > | | 15 | | | |
| Total Assets > | | | $212,575.00 | | |
| Total Liabilities > | | | | $242,666.00 | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE:  RAY J TOBIAS                           CASE NO
        ESTHER TOBIAS
                                               CHAPTER  13

## STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| - | 2004 Joint Wages, Only those wages previously reported on Sch. I |
| $57,000 | 2003 Joint Wages |
| $55,000 | 2002 Joint Wages |

### 2. Income other than from employment or operation of business

None ☑  State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors

None ☑  a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐  b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| FORD MOTOR CREDIT COMPANY P.O. Box 219825 Kansas City, MO 64121-9825 | 2/16/04 | $700.00 | $27,800.00 |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| none, except for creditors previously listed | | | |

None ☑  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **RAY J TOBIAS**                                                                     CASE NO
        **ESTHER TOBIAS**
                                                                                             CHAPTER   13

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

---

### 5. Repossessions, foreclosures and returns

None ☑  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 6. Assignments and receiverships

None ☑  a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 7. Gifts

None ☑  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 8. Losses

None ☑  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 9. Payments related to debt counseling or bankruptcy

None ☑  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE:  **RAY J TOBIAS**                                                                   CASE NO
        **ESTHER TOBIAS**
                                                                                          CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

---

### 10. Other transfers

None ☑  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 11. Closed financial accounts

None ☑  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12. Safe deposit boxes

None ☑  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None ☑  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 14. Property held for another person

None ☑  List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None ☑  If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION (EASTERN)**

IN RE: **RAY J TOBIAS**
**ESTHER TOBIAS**

CASE NO

CHAPTER   **13**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 3*

---

**16. Spouses and Former Spouses**

None ☑   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION (EASTERN)

IN RE:   RAY J TOBIAS  
        ESTHER TOBIAS

CASE NO

CHAPTER   13

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 4*

---

**18. Nature, location and name of business**

None ☑   a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

---

None ☑   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. Section 101.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE:   RAY & ESTHER TOBIAS                                                  CASE NO

                                                                              CHAPTER   13

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 5*

---

### DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto, consisting of _____6_____ sheets, and that they are true and correct.

Date _____3-22-04_____         Signature of Debtor _____ *Debtor*

Date _____3-22-04_____         Signature of Joint Debtor _____ *Joint Debtor*
                               (if any)

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. Sections 152 and 3571

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION (EASTERN)

IN RE:  RAY J TOBIAS                                    CASE NO
        ESTHER TOBIAS
            Debtor(s)                                   CHAPTER   13

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept:              $2,700.00
   Prior to the filing of this statement I have received:        $0.00
   Balance Due:                                              $2,700.00

2. The source of the compensation paid to me was:
   ☑ Debtor            ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor            ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   **POST PETITION AMENDMENTS**
   **RESCHEDULING OF THE FIRST MEETING OF CREDITORS**
   **LEGAL SERVICES REQUESTED AFTER DISCHARGE AND/OR DISMISSAL**
   **REPRESENTATION OF THE DEBTOR IN ADVERSARY PROCEEDINGS**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement of arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

3/31/04
Date

Kenneth S. Borja                                    Bar No. 3125988
Kenneth S. Borcia & Associates
1117 S. Milwaukee., Suite A-3
P.O. Box 447
Libertyville, IL 60048
Phone: (847) 634-8800 / Fax: (847) 634-8932

B 201
(Rev. 12/99)

# United States Bankruptcy Court

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

### Chapter 7: Liquidation ($155 filing fee plus $30 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $30 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family farmer ($200 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

_____    _____    _____
Signature of Debtor                                              Case Number

WHITE—DEBTOR COPY    PINK—COURT COPY

_____    3-22-04    _____    3-22-04
DEBTOR    Date    DEBTOR    Date